## No. 9397.

### NICHOLAS SOULIER VS. E. J. BENKER, SHERIFF, ET AL.

Where a mortgage has been given for the loan of money by two co-proprietors of land, and one afterwards buys the other's undivided half of it, he cannot successfully set up a right of homestead upon the land against or in derogation of the mortgage.

And this the more when he has assumed the payment of his co-owner's half of the mortgage-note as a part of the purchase price, since the homestead-right is not pleadable against the vendor's lien.

The debtor must exercise his right of selecting the newspaper in which the sale of his property is to be advertised when notice of seizure is given him or before advertisement is made. The sheriff has not to hunt him to ascertain his wishes.

APPEAL from the Fifteenth District Court, Parish of Pointe Coupée. *Young,* J.

*Semple & Bouanchaud* for Plaintiff and Appellant.

*Hewes & Parlange, Frank D. Chrétien* and *Albert Voorhies* for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J.   This is a claim of homestead against a mortgage creditor.

The plaintiff Soulier and one Wolff became the joint owners of a tract of land in Pointe Coupée by purchase at a sheriff's sale. They never separated their interests but held it in indivision, and in 1873 mortgaged it to P. S. Wiltz to secure a loan of $1,150.

In January 1876 Judge DeBlanc acquired this note by transfer from Wiltz, and in May following Wolff sold his undivided-half of the land to Soulier, the price being Soulier's assumption of the payment of the entire mortgage-note and several hundred dollars besides. Some years passed and no payment was made. Proceedings were then taken to foreclose the mortgage and were met by this injunction asserting a homestead upon the land.

Soulier vs. Sheriff et al.

The plaintiff fulfills all the conditions, is the head of a dependent family, etc. and the land is but one hundred and twenty arpents worth about $1,500, so that the sole question is whether his acquisition of his co-owner's interest, by which he has become owner in severalty of the land, enables him to plead the right of homestead against his creditor's mortgage.

Since Henderson v. Hoy, 26 Ann. 156, it has been accepted law that land held in indivision was not subject to the right of homestead of any of the co-proprietors. Brannin v. Womble, 32 Ann. 805, extended the doctrine to its legitimate result and established the principle that a mortgage given by one proprietor, or owner of an undivided part, of land is not affected by the mortgagor's acquisition of the remaining part *quoad* the homestead-rights, and that, this latter cannot be set up against or in derogation of the mortgage given by the part proprietor. As he could not set up a claim of homestead upon the land while he held it jointly with another in indivision, he cannot acquire the homestead-right by buying the outstanding interests on the land.

This case is stronger. The two owners of the land borrowed money and executed their solidary note and a mortgage upon the whole land. One of them cannot by acquiring the interest of his co-proprietor set up a right of homestead against the mortgage given by both.

Besides, the assumption of payment of the entire mortgage note was a part of the purchase price of Wolff's half of the land, and is another reason why the plaintiff's claim cannot prevail. The right of homestead is not pleadable against the vendor's lien.

An additional ground of the injunction is that the debtor was not given opportunity to select the newspaper in which the sale of his property was to be advertised. He had the opportunity when notice of the seizure was given him. It was for him to avail himself of it. The sheriff has not to hunt the debtor to learn from him what newspaper he will indicate to advertise in.

The lower court dissolved the injunction without damages, and an amendment is asked for the allowance of them as prayed in the original answer. The decision in Brannin v. Womble has been made long enough for parties to be advised of it, and we shall allow the attorneys fees as established by evidence.

It is therefore ordered and decreed that the judgment of the lower court be amended by inserting therein that the defendants have and recover of the plaintiff and the surety on his injunction-bond in solido one hundred and fifty dollars, the plaintiff paying costs in both courts.