Taylor vs. Saloy.

## No 9514.

### JOHN TAYLOR vs. BERTRAND SALOY.

'Where, at the moment when the debtor acquired an immovable, there stood recorded against him in the parish a judgment, the judicial mortgage resulting from such record attached to the property eo instant with the ownership, and he could not acquire a homestead in said property to the prejudice of such mortgage.

'The jurisprudence is constant and uniform that privileges, mortgages and real rights attaching to property cannot be disturbed or affected by homestead rights which did not exist at the moment when they attached.

'The rule covers judicial as well as conventional mortgages.

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Monroe*, judge *ad hoc.*

*James Wilkinson* for Plaintiff and Appellee:

Act 52 of 1865 (R. S. sec. 1691) created homestead exemptions in Louisiana.

Articles 219, 220, of the Constitution of 1879, did not repeal, but extended the provisions of this law. 34 Ann. 339. Neither has, nor can, the Legislature modify said law regulating

rights to homesteads existing before the adoption of the Constitution, or enlarge the remedy on judgments arising from debts contracted prior to that time. Art. 220, Const. 1879. The right to the homestead is a matter of public policy, not susceptible of conventional waiver or of mortgage. Art. 222. The Act of 1865 was read into defendant's judgment. 37 Ann. 17.

One owing a judgment rendered in 1876 and recorded in 1877, may acquire a homestead in 1881, unincumbered by mortgage, and as against such judgment debt no registry of the homestead is necessary. 35 Ann. p. 927, and authorities there cited.

Even if registry be necessary to protect plaintiff's homestead as against judgments rendered prior to the Constitution of 1879 and Act 114 of 1880, registry herein was made within a reasonable time, and before any intervening rights had accrued. 34 Ann. 337.

### *R. T. Beauregard* for Defendant and Appellant:

Under the homestead provisions of the Constitution of 1879, the exemptions therein provided take effect only from the date of registry, and are inoperative against debts contracted and judicially recognized prior to such registry. 34 Ann. 1013; 35 Ann. 929.

Hence, a judgment obtained and recorded in 1877, founded on an indebtedness existing in 1876, is executory against property acquired by the judgment debtor in 1881, the homestead as to which was declared only six months after his acquisition of same. The judgment debtor is not then shielded by the Homestead Act of 1865, nor the established jurisprudence, which does not embrace the case at bar. 32 Ann. 805, 979; 33 Ann. 240, 320; 34 Ann. 331; 37 Ann. 162, 263.

For, in the interval between the judgment debtor's acquisition of property in 1881 and his declaration of homestead relating thereto six months after such acquisition, the judgment creditor's judicial mortgage extends and attaches to said property, and cannot be defeated by such *ex post facto* homestead declaration. R. C. C. 3328; 35 Ann. 829; R. C. C. 1338; 21 Ann. 253; 32 Ann. 983.

On the dissolution of an injunction staying execution of a money judgment, damages are allowable, less the credit, on the amount due. 27 Ann. 173; 15 Ann. 70; C. P. 304; 32 Ann. 974, 773, 718.

---

The opinion of the Court was delivered by

FENNER, J. This case is submitted upon an agreed statement of facts and on questions of law arising thereupon, which are also formulated in the agreement.

The facts are briefly as follows:

Saloy is the holder of a judgment against Taylor, rendered and recorded in 1877.

Taylor inherited certain real estate from Julia Lampton, who died in May, 1881, and was recognized and put in possession thereof by order of court in July, 1881.

He has a wife and eight children, and has occupied the property as a home since March, 1881.

He declared and registered the property as a homestead in December, 1881.

In 1885, Saloy caused execution to issue on his judgment and seized the property; whereupon Taylor filed this suit for an injunction, on the ground that the property was exempt from seizure as his homestead.

The first question of law submitted is: "Whether the execution of a judgment rendered and recorded in 1877, and the homestead exemption asserted against seizure and sale in 1885, is to be tested by the provisions of the Homestead Act of 1865, which was in force at the time when the judgment was rendered?"

This question has already been considered in the case of Gerson vs. Gayle, 34 Ann. 337, which was a case where the property claimed as homestead was acquired after the adoption of the Constitution of 1879, and the debt under which it was seized arose prior thereto, We then construed the clause of the Constitution declaring that "rights to homesteads or exemptions under laws or contracts, or for debts existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provisions of this Constitution or any laws passed in pursuance thereof," and we held that "the right to avail of the provisions of the Act of 1865, in our opinion, continued under this clause, and was only affected as to the manner in which it could be claimed or asserted when the Legislature, in obedience to the constitutional mandate, enacted the necessary laws as to its registration," etc.

We thus intimated the opinion that homesteads, acquired after the adoption of the legislation directed by the Constitution with reference to their setting apart and registry, must conform to the requirements of such legislation in order to be effective even against debts originating prior to the Constitution.

But, in this case, the question as to whether the Act of 1865 or the Constitution of 1879 governs, is of no practical importance.

Conceding that the former act controls, we have twice very distinctly decided that a homestead under it cannot be acquired in property to which a mortgage had attached prior to the acquisition of the homestead.

In one case, the debtor owned and mortgaged the undivided three-fourths of an immovable which, by reason of the indivision, was not subject to the homestead claim. He subsequently acquired the remaining fourth and then claimed the homestead, which we denied, on the ground that the mortgage having attached at a time when the homestead right did not exist, it could not be affected by subsequent facts. Bramim vs. Womble, 32 Ann. 805.

In the other case, the debtor had granted a mortgage on property on which he did not at the time reside. He subsequently established his home on the property and set up his homestead right against the mortgage, and we held that as the property had come under the mortgage free from any homestead right, the debtor could not impair the effect

of the mortgage by subsequently moving on the property and claiming an *ex post facto* homestead. Gilmer vs. O'Neal, 32 Ann. 983.

Both of these decisions interpreted the Act of 1865.

The jurisprudence of this Court, as organized under the Constitution of 1868, had given effect to homestead rights under the Act of 1865 as. against previously existing debts and even judgments, when not secured by privileges or mortgages antedating the homestead. Robert vs. Coco, 25 Ann. 199; Doughty vs. Sheriff, 27 Ann. 355.

But, in both the cases, it will be observed that the judgments, as. against which the subsequently acquired homestead right was allowed,. had not been recorded and, therefore, were not secured by judicial mortgage on the property. The Court distinctly stated that anterior privileges, mortgages or real rights could not be affected.

So, in the case of Gerson vs. Gayle, 34 Ann. 337, although the record of the judgment antedated the registry of the homestead, yet the property was acquired and the homestead existed before the judgment had been recorded, and thus took effect before any judicial mortgage had attached.

We discover no reason to make a distinction between a judicial and a conventional mortgage. The principle is constant and universal that privileges, mortgages and real rights which have attached to property free from homestead right at the time, cannot be affected by any such right thereafter arising.

Now, in the instant case, the judgment of plaintiff stood of record in the parish where the immovable in controversy was situated, prior to. and at the moment when plaintiff acquired the ownership thereof; and the judicial mortgage resulting therefrom attached at the very instant of ownership. Hence, as the homestead right could only arise in property owned by the debtor, and as the ownership carried with it the attendant mortgage, the latter could not be divested or affected by the homestead.

This disposes of the second question of law submitted, viz:

"Where a judgment rendered prior to the Constitution of 1879 has. been duly recorded against the debtor, can said debtor acquire and occupy an unencumbered homestead subsequent to the passage of said constitutional and legal provisions in 1879 and 1880, upon recording his declaration of homestead before the seizure of said property, or within a reasonable time thereafter?"

We have no hesitation in saying that a homestead cannot be acquired in an immovable which, at the moment of its acquisition by the debtor,

became subject to a judicial mortgage resulting from the record of a prior judgment, to the prejudice, at least, of such judicial mortgage.

The third question, "Was the declaration of homestead made within a reasonable time in the present case?" thus loses all importance and need not be considered.

Our interpretation of the agreement is that the parties are in accord as to the credits which are to be placed on the *fi. fa.*, and that the homestead exemption is the only question submitted to us. Should we be in error on this point, our decree may be corrected on proper showing.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; and it is now adjudged and decreed that there be judgment in favor of defendant dissolving the injunction issued herein, and rejecting plaintiff's demand at the latter's cost in both courts.