## No. 10,071.

## HENRY CAMBON vs. JULES LAPENE.

### MME. V. CALLIER, THIRD OPPONENT.

Where property has been sold for taxes, and the taxpayer redeems it within the term allowed therefor, the one who lends him the money to enable him to redeem it does not thereby become invested with title to the property, although the act acknowledging the loan contains an express subrogation of the lender to his (the taxpayer's) rights.  The title is in the purchaser at the tax sale, and he alone could pass it to another; and when it was redeemed the title reverted to the original owner, and could be made liable for his debts.

APPEAL from the Civil District Court, Parish of Orleans.
  *Rightor*, J.

*Charles Louque* and *Henry L. Lazarus* for Plaintiff and Appellant.

*Gibson & Hall* for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J.  The plaintiff under a judgment in his favor against the defendant seized a plantation situated in the parish of Terrebonne and described in the pleadings as his property to satisfy the debt.

Mrs. Virginia Callier (widow) claimed, by third opposition, to be owner of the property, seized and enjoined its sale under the writ of execution.

The plaintiff in answer to the petition of third opponent pleaded the general issue.

The case was tried, the opposition dismissed and the injunction dis-

solved, with seventy-five dollars damages for attorney's fees, and Mrs. Callier has appealed.

On the 14th of April, 1885, this plantation was sold at tax sale as the property of the defendant Lapene. and was bought by one John Buger.

On the 13th of April, 1886, the property was redeemed by Lapene, as evidenced by a notarial act of that date passed before a notary public in the parish of Terrebonne.

On the same day, Mrs. Callier and Jules Lapene appeared before the same notary and entered into an act substantially as follows :

After reciting the sale of the property for taxes, and its purchase at such sale by Buger, and that Lapene, the taxpayer and owner. had the right to redeem the property within a year after the tax sale, it was declared that Lapene was unable to make said redemption, or was without the means to do so, and that in order to raise the money to redeem the land he had borrowed of Mrs. Callier $543.80, and the receipt of Lapene for this sum was made part of the act; and it was further declared that Lapene intended, quoting, " to subrogate the lender in the rights of the creditors," and further, again quoting : " It is understood and agreed that said Jules Lapene or any of his creditors * * * * shall have the right within one year from this date (13th April, 1886) to redeem said property on paying one thousand dollars.'

John Buger, the purchaser at the tax sale, was no party to this instrument.

It is exclusively on this act that the asserted title of Mrs. Callier to the property rests.

Beyond the fact that it evidenced the loan of the money by Mrs. Callier to Lapene, and fixed the liability of the latter for the sum loaned, it seems to us that the act was without any legal effect or significance whatever.

It certainly did not convey to Mrs. Callier any title to the land either from Buger or from Lapene, and we cannot discover that it subrogated her to any right to or against the property in question.

Thus concluding, the judgment of the lower court is affirmed with costs.