(49 South. 975.)

No. 17,478.

## ELLIS v. J. FREYHAN & CO.

(June 14, 1909.)

HOMESTEAD (§ 95*) — JUDICIAL MORTGAGE — CONFLICTING RIGHTS.

Homestead rights cannot come into existence as against a judicial mortgage which attached to the land before it became a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 141–146; Dec. Dig. § 95.*]

Appeal from Twenty-Fourth Judicial District Court, Parish of West Feliciana; George Jones Woodside, Judge.

Injunction suit by Nat J. Ellis against J. Freyhan & Co., for the use of M. & E. Wolf. From a judgment for plaintiff, defendants appeal. Injunction dissolved, and suit dismissed.

Samuel McC. Lawrason, for appellants. Wall & Kilbourne, for appellee.

PROVOSTY, J. Plaintiff has enjoined the seizure of his property, claiming it is his homestead. At the time defendant obtained and recorded the judgment under which seizure has been made the property was not homestead. Plaintiff lived upon it; but he was unmarried, and had no one dependent upon him for support. The judicial mortgage resulting from the recordation of the judgment attached, therefore, fully and completely. Before the seizure, however, the property had become a homestead by the fulfillment of all the conditions requisite for making it such.

Therefore the question presented is whether the homestead exemption can be invoked as against a judicial mortgage which had already attached at the time the property became a homestead; or, in other words, whether homestead rights can come into existence as against a judicial mortgage resting upon the property. The question was squarely decided in the negative in the case of Taylor v. Saloy, 38 La. Ann. 62, and by parity of reasoning was decided in the same sense in the cases of Brannin v. Womble, 32 La. Ann. 805, Gilmer v. O'Neal, 32 La. Ann. 979, Soulier v. Benker, Sheriff, 37 La. Ann. 162, and Bank of Jeannerette v. Stansbury, 110 La. 301, 34 South. 452. The decision to the contrary in Fuqua v. Chaffe, 26 La. Ann. 148, has been overwhelmingly overruled. What was said, arguendo, by Bermudez, C. J., in Brannin v. Womble, supra, cannot be allowed the weight of a precedent.

Judgment set aside, and injunction dissolved, and suit dismissed, with costs.