(60 South. 616.)

No. 19,447.

SEAL v. SAM (BANK OF FRANKLINTON, Intervener).

(Jan. 6, 1913.)

*(Syllabus by the Court.)*

HOMESTEAD (§ 104*)—LIEN—ATTACHMENT OF LIEN—SALE OF PROPERTY—REVIVAL OF EXEMPTION.

Where a judgment has been recorded against the property of the judgment debtor, but is not effective because of the homestead right of the debtor, it becomes effective as soon as the property has been sold, and as a legal mortgage rests upon the property when it passes into the hands of a third person. Should the judgment debtor subsequently reacquire the property, he takes it subject to the legal mortgage which has attached to it, and his mere reacquisition does not have the effect of reviving the homestead exemption.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 159; Dec. Dig. § 104.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas M. Burns, Judge.

Suit by J. H. Seal against George Sam, Jr., to foreclose a mortgage, in which the Bank of Franklinton intervened claiming the surplus in satisfaction of a judgment against defendant. From a judgment in favor of intervener, defendant appeals. Affirmed.

Herman E. Gayer, of Franklinton, for appellant. Carter & Carter, of Franklinton, for intervener Bank of Franklinton.

BREAUX, C. J. Plaintiff in foreclosure proceedings had land described in his petition seized, offered for sale, and sold. The Bank of Franklinton intervened claiming a prior lien and privilege on the property seized. The judgment recognizing the privilege of intervener is dated in 1903. Subsequently George Sam, Jr., sold the property to A. G.

Magee, and by Magee it was sold to different purchasers, and lastly it was sold to George Sam, Jr. It is admitted that Sam, Jr., sold the property after the judgment now held by the Bank of Franklinton had been rendered. The bank obtained an order on its petition of intervention and third opposition, directing the sheriff to retain the proceeds of the said sale to satisfy its claim.

Plaintiff answered the bank's intervention and third opposition setting forth that he held a prior lien by reason of the fact that the property was the home of George Sam, Jr., who waived his homestead, and that, because of the waiver, he had a prior lien.

The defense of George Sam, Jr., is substantially the same as that of J. H. Seal. He denies that the property is subject to the satisfaction of the judgment held by the bank, because of his homestead right.

The facts are that: On May 26, 1903, H. H. Smith obtained a judgment against George Sam, Jr., for the sum of $142.75, which was duly recorded. The judgment was transferred by Smith and by mesne conveyances to the bank, the intervener. The land itself, on which the mortgage rested, passed as before stated, from George Sam, Jr., to A. G. Magee some time after Smith had obtained judgment against George Sam, Jr. A. G. Magee, purchaser from Sam, sold it to the Pearl River Naval Store Company, and this company transferred it to George Sam, Jr. The vendee, George Sam, Jr., who thereby reacquired the property after he had repurchased the property, mortgaged it to J. H. Seal for the sum of $1,204.38, and he and his wife waived the homestead exemption in due form. As a repurchaser he only acquired a right of homestead as against property subsequent in date to his repurchase.

J. H. Seal sued for the purpose of foreclosing this mortgage. The intervention before mentioned was filed, the property was sold, and the proceeds were not sufficient to

satisfy both demands, that of the intervener and that of the plaintiff.

Defendant seems to have lost all interest.

It is admitted that George Sam, Jr., is a married man and has a wife and family dependent on him for support, and that he does not own property to the value of $2,000, and that the property is not now in the hands of George Sam, Jr. This can only be of the least moment as against creditors whose claim originated after his repurchase. In the present case as against an anterior creditor it amounts to nothing.

The judge of the district court sustained the intervention and third opposition of the bank and ordered the sheriff to pay the intervener from the proceeds of the sale the sum of $142.75.

We have noted that at the time the defendant sold the property the judgment of intervener had been recorded. The property was transferred to plaintiff. The defendant had the right to sell it as he did to Magee as before noted. The Constitution ordains that the homesteader may sell his property, but that no sale shall destroy or impair the rights of any creditors. Constitution, art. 246.

Defendant, after he had disposed of the property, could set up no homestead against the intervener. While the property was his, he was protected by the homestead law. Not after he sold the property, however. After the sale, as before stated, the right to a homestead could not be successfully pleaded by defendant against the intervener. The sale back to defendant by plaintiff did not have the right of reviving his right as a homesteader anterior to the date plaintiff sold him the property. The property subject to homestead in order to be of any consequence must be bona fide, must be owned by the debtor, and occupied by him. It was not so held by him, for he sold as before mentioned. Const. art. 244.

One cannot at the same time hold property under the homestead law and be a vendor.

On becoming a vendor, his homestead rights are at an end as regards claims against him of an anterior date. The homestead must be owned bona fide by the debtor and occupied by him. Constitution, art. 244.

A similar conclusion was arrived at in Denis v. Gayle, 40 La. Ann. 287, 4 South. 3, interpreting Act 1865, R. S. of 1870, § 1691. This interpretation sustains intervener's claim in this suit. See Hebert v. Mayer, 42 La. Ann. 839, 8 South. 590.

A dormant judgment becomes effective after homestead property is sold. The realty passes subject to recorded mortgage. Abbeville Rice Company v. Shambaugh, 115 La. 1050, 40 South. 453; Ellis v. Freyhan & Co., 124 La. 54, 49 South. 975. When the homestead owner renounced his homestead claim in favor of plaintiff, he only renounced to have effect from the date he repurchased.

Reason and authority sustain the right of the mortgage creditor to be paid from the proceeds of the sale of realty sold by a debtor whose property was subject to a homestead at the date of the act of sale.

By reason of the law and the evidence being in favor of the intervener, the judgment is affirmed at cost of appellant.