The judgment appealed from is therefore affirmed.

O'NIELL, C. J., is of the opinion that the fee is excessive, because the suit which plaintiff assisted in defending was merely a suit to enforce an agreement to buy a rice mill for $112,500.

(129 So. 158)

### MAINES v. SISTRUNK et al.
### No. 27892.

May 5, 1930.

Rehearing Denied June 2, 1930.

R. A. Fraser, of Many, for appellant.

Boone & Boone, of Many, for appellee.

ROGERS, J.

In the month of April, 1921, Mrs. Dolly R. Sistrunk obtained a judgment for $300 against William H. Maines in the district court for the parish of Sabine. This judg-

ment was recorded in the mortgage records of the parish on May 4, 1921.

In the month of December, 1925, Mrs. Sistrunk caused a writ of fieri facias to issue on the judgment under which a tract of land containing eighty acres in the parish of Sabine was seized and advertised for sale.

This suit was instituted by William H. Maines, the judgment debtor, on December 29, 1925, to enjoin the seizure and sale on the ground that the property seized was plaintiff's homestead, and, as such, exempt from seizure under the judgment of Mrs. Sistrunk.

The court below rendered a judgment sustaining the plaintiff's homestead claim and enjoining the judgment creditor and the sheriff from seizing and selling plaintiff's property. Mrs. Dolly R. Sistrunk, the judgment creditor, appealed from the judgment. Pending the appeal, Mrs. Sistrunk died, and her children and sole heirs have been, by proper motion, made parties defendant.

Plaintiff, his wife, and their five minor children have been living on the seized property for a number of years. The property itself was originally owned by Mrs. Mary H. Maines, plaintiff's mother. Mrs. Mary H. Maines died in September, 1925, leaving a will in which she bequeathed the property to plaintiff, who was legally sent into possession thereof on November 3, 1925. Subsequently the property was seized under the judgment of Mrs. Sistrunk, and then this suit was filed.

It is not disputed that plaintiff has all the essential qualifications to claim the homestead exemption; that he was living on the seized property prior to the recordation of the judgment of Mrs. Sistrunk in 1921; and that the property is worth less than $2,000. It is asserted, however, on the part of the defendant, that at the time the judgment was recorded the title to the property was in plain-

tiff's mother and remained in her until her death in 1925; and that plaintiff only acquired title to the property at that time under his mother's will. Hence, the question presented for decision is, Can a person otherwise qualified claim the homestead exemption upon property which he is occupying at the time he acquired title thereto to the prejudice of a judicial mortgage recorded prior to his acquisition? The question must be answered in the affirmative.

Counsel for defendant cites a number of the decisions of this court in support of his argument that the homestead exemption does not affect liens or mortgages existing before the property was acquired by the debtor, viz: Gerson v. Gayle, 34 La. Ann. 337; Taylor v. Saloy, 38 La. Ann. 63; Ellis v. J. Freyhan & Co., 124 La. 53, 49 So. 975; Coltharp v. West, 127 La. 430, 53 So. 675; Seal v. Sam, 131 La. 919, 60 So. 616.

An examination of the cited cases, however, discloses that, with one exception, the facts on which the decisions are based were not precisely the same as the facts of the present case.

In Gerson v. Gayle, the question for decision was, whether the defendant in execution, who had acquired his property on January 6, 1880, which was subsequent to the promulgation of the Constitution of 1879, but prior to the adoption of Act No. 114 of 1880 on April 10, 1880, was precluded from claiming a homestead exemption. The plaintiffs in execution contended that the Constitution of 1879 had repealed the Homestead Exemption Law of 1865 and that there was a hiatus in the law from January 1, 1880, to April 10, 1880, during which no homestead exemption could be acquired. The court maintained the homestead exemption claimed, holding that such right existed in favor of the defendant in exe-

cution under the statute of 1865, and was not affected by the constitutional provisions, except as to the necessity of recording his claim under the requirements of subsequent legislation (Act No. 114 of 1880), with which he had complied.

Ellis v. J. Freyhan & Co., presented a case in which the debtor owned and resided on the property at the time the judgment on which execution issued was recorded. But he was unmarried and had no one depending upon him for support, and was therefore incapable of claiming a homestead. The judicial mortgage resulting from the recordation of the judgment attached fully and completely, unaffected by any homestead right. The fact that before the seizure was actually run the property seized had become a homestead by the fulfillment of the requisite conditions did not change the legal situation. The judicial mortgage rested upon the property prior to the coming into existence of the homestead right. Hence, the court properly refused to sustain the homestead exemption to the prejudice of the mortgage.

In Coltharp v. West, plaintiff owned a house and lot in the village of Milliken's Bend against which he registered a homestead claim. A few years thereafter the defendant obtained a judgment against him, which judgment was recorded in the parish records. Subsequently plaintiff purchased two lots of ground in the town of Tallulah, which was 7 or 8 miles distant from Milliken's Bend, in the same parish. Plaintiff then demolished his residence in Milliken's Bend and hauled by wagon load to Tallulah so much of the lumber of which it was composed as was sound, using the lumber in combination with material obtained elsewhere in the construction of a residence and other buildings on the lots which he had purchased in the latter town. The lots in Tallulah were purchased on credit, and the main contention in the case related to the status of the house, which plaintiff contended was practically the same house that formed part of his homestead in Milliken's Bend and enjoyed the same exemption. The court found that the house in Milliken's Bend had not been removed to Tallulah; that some of the material only of which it had been composed had been so removed and used in combination with other material in constructing another house. Hence, the court held that, inasmuch as the judicial mortgage was in existence at the time plaintiff had acquired the lots in Tallulah, it attached eo instante with the ownership, and plaintiff could not acquire a homestead in the lots to the prejudice of the mortgage; and that the buildings put on the lots thus mortgaged were immovable and become subject to the mortgage resting thereon. This decision is clearly correct.

In Seal v. Sam, the judgment was recorded, but was not effective against the debtor's homestead. Subsequently, the debtor sold the property to a third person. After the property had passed through a number of hands, it was re-acquired by the judgment debtor. The court properly held that the dormant recorded judgment became effective after the judgment debtor sold his homestead, and that when he re-acquired the property he took it subject to the existing judicial mortgage which had attached to it, his reacquisition not having the effect of reviving the homestead exemption.

Counsel for defendant strongly relies on the case of Taylor v. Saloy. In that case it appears that Saloy was the holder of a judgment against Taylor, rendered and recorded in 1877. Taylor inherited certain real estate in May, 1881, and was recognized and put in possession thereof in July, 1881. He had a wife and eight children and had occupied the

property as a home since March, 1881. He declared and registered his homestead in December, 1881. Saloy caused execution to issue on his judgment and seized the property in 1885. Taylor enjoined the seizure on the ground that the property was his homestead, and, as such, exempt from seizure.

The facts in the cited case, with the exception of the registration of the homestead, are similar to the facts in the present case. In both cases the debtor and his family were occupying the seized property when he inherited it, at which time the judgment against him had been rendered and recorded. But the decision in the cited case was wholly based on the general rule that a homestead cannot be acquired in property to which a mortgage had attached prior to the acquisition of the homestead. In support of this legal proposition the learned author of the opinion cites Brannin v. Womble, 32 La. Ann. 805, and Gilmer v. O'Neal, 32 La. Ann. 983. Neither of these cases involved the issue which is raised in this case. In the Womble Case the debtor owned and mortgaged the undivided three-fourths of an immovable which, by reason of the indivision, was not subject to the homestead claim. Subsequently he acquired the remaining one-fourth interest, and then asserted the homestead. His claim was denied, on the ground that the mortgage having attached at a time when the homestead right was nonexistent, it could not be affected by subsequent facts. In the O'Neal Case the debtor had granted a mortgage on property on which he did not at the time reside. Later he occupied the property as his home, and then claimed a homestead right against the mortgage. The court held that the debtor could not impair the effect of the existing mortgage by subsequently moving on the property and claiming an ex post facto homestead.

The pivotal point in the present case, namely, that the judgment debtor was actually occupying the seized property as a homestead at the time he acquired it, was not passed on, and, apparently was not raised in Taylor v. Saloy. This appears from the text of the opinion itself, and from the express application by the court of the general rule as announced in the Womble and O'Neal Cases.

We do not think it can be truly said that the judicial mortgage held by the appellant attached to the seized property prior to the moment the property became impressed with its homestead character. Plaintiff with his family was actually in possession of and residing on the property at the time he inherited it from his mother. There was no interval of time whatever between the act which made him the owner and that of his occupancy of the property. The homestead right attached eo instante with his inheritance.

It is conceded, of course, that appellant's judicial mortgage could not affect the property until plaintiff acquired the ownership thereof. Nevertheless, the property came to plaintiff in full ownership impressed with the character of a homestead. The right of ownership and the homestead right were so interwoven as to be inseparable—the one could not exist without the other. Hence, there was no period of time in which the judicial mortgage attached as against the homestead right. When the appellant undertook to execute his mortgage based on plaintiff's recently-acquired ownership of the property seized he necessarily accepted that ownership with all its attendant rights, i. e., possession, occupancy, and homestead exemption.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.