(137 So. 59)

## WILLIAMS v. CONTINENTAL BANK & TRUST CO.

### No. 29537.

July 17, 1931.

Rehearing Denied Oct. 6, 1931.

Smitherman, Tucker & Mason, of Shreveport, for appellant.

J. B. Crow, of Shreveport, for appellee.

### ROGERS, J.

During the existence of the marriage between plaintiff and her husband, W. H. Williams, the latter acquired certain real estate situated in the city of Shreveport. Some time thereafter Williams mortgaged the property for $1,000 in favor of the defendant herein. The mortgagor declared in the act of mortgage that he did not live on the property, and was not entitled to any homestead claims or exemptions thereon. Subsequently, Mrs. Williams obtained judgment for separation from bed and board, and the property was deeded to her by her husband in settlement of her rights in the matrimonial community. Thereafter the defendant herein sued W. H. Williams on the $1,000 mortgage note, and had the mortgaged property sold by executory process to satisfy the indebtedness. At the sheriff's sale, the mortgagee bank became the adjudicatee. The sale was made on June 18, 1927; the deed being filed for record on June 27, 1927. On August 2, 1927, plaintiff brought the present suit to have the sale to the defendant bank set aside, on the ground that she was entitled to a homestead exemption on the property sold. Defendant filed an exception of no cause of action, which was overruled, and, after a trial on the merits, judgment was rendered in plaintiff's favor annulling the sheriff's sale. Defendant appealed.

Defendant resists plaintiff's demands on three grounds, viz. First, the facts of the

case do not entitle plaintiff to a homestead; second, the homestead, if any existed, was abandoned; and, third, the homestead, if it existed and was not abandoned, was lost by the sale under executory process to satisfy defendant's mortgage.

At the time the mortgage was executed under the foreclosure of which defendant became the purchaser of the property involved herein, the mortgagor, W. H. Williams, plaintiff's husband, and not plaintiff, was the owner of the homestead, if any existed. No declaration whatever of a right of homestead had been filed by plaintiff as provided by section 2 of Act No. 35 of 1921 (Ex. Sess.). And plaintiff's husband has made no claim, judicially or otherwise, of any homestead rights on the property adjudicated to defendant.

When plaintiff, after the judgment of separation from bed and board, acquired the property from her husband in settlement of the matrimonial community, the mortgage in defendant's favor was resting upon the property. Hence plaintiff's acquisition was cum onere. Conceding that under section 1, article 11, Constitution of 1921, plaintiff was entitled to a homestead as being a person having other persons dependent upon her for support, nevertheless defendant's mortgage had attached before the mortgaged property became plaintiff's homestead. Therefore plaintiff cannot invoke the homestead exemption to protect the property from seizure and sale in satisfaction of the mortgage indebtedness.

The jurisprudence is constant and uniform that privileges, mortgages, and real rights attached to property cannot be disturbed or affected by homestead rights which do not exist at the moment when they attach. Taylor v. Saloy, 38 La. Ann. 62; Ellis v. Freyhan, 124 La. 53, 49 So. 975; Coltharp v. West, 127 La. 430, 53 So. 675.

For the reasons assigned, the judgment appealed from is annulled, and plaintiff's demands are rejected at her cost.

O'NIELL, C. J., concurs on the ground that the claim of a homestead exemption came too late.