## BLOCKER v. CONTINENTAL SECURITIES CORPORATION.*

### No. 4857.

. Court of Appeal of Louisiana.
Second Circuit.

Nov. 2, 1934.

J. B. Crow, of Shreveport, for appellant.

Smitherman & Smitherman, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff alleges that defendant is slandering his title to lots 15 and 16 of resubdivision of block 7 of the Ingleside subdivision in the city of Shreveport, by claiming to be the owner thereof and by having caused to be recorded a pretended deed to said lots from the Continental Bank & Trust Company; that said slander has damaged him in the sum of $250. In the alternative, he pleads that, should it be found that neither party is in the actual physical possession of said property and never has been, the court adjudicate the title as provided in Act No. 38 of 1908.

A motion to elect was filed and overruled, which ruling is not complained of in defendant's brief.

In answer to a sustained exception of vagueness, plaintiff sets out that his possession has been for a period of four or five years through his tenant, Mrs. Emily Williams, and by paying the taxes and other charges on the property; that the damages alleged consist of attorney's fees and loss of time in employing counsel and attending court. In support of his alternative plea, he sets out his title, alleging that W. H. Williams is the common author; that his wife, Mrs. Emily Williams, obtained a separation from bed and board on July 10, 1926, after which he transferred the property in controversy to her by partition deed dated September 3, 1926, in settlement of her community rights; that it was afterward forfeited to the state and also sold for city taxes, but was redeemed in both instances by her and conveyed to plaintiff on November 10, 1931, by duly recorded deed.

Answering, defendant admits the slander, asserts its ownership, and sets up its title under deed from the Continental Bank & Trust Company, dated March 8, 1929, and duly recorded, thereby converting the jactitation suit into a petitory action.

Defendant avers that the common author, W. H. Williams, on March 29, 1926, before the separation, mortgaged said property in favor of one M. Mobley or any future holder, in the sum of $1,000; that this act was duly recorded; that the mortgage note secured by it was acquired by the Continental Bank & Trust Company, which, on April 5, 1927, foreclosed by executory process and bought in the property at sheriff's sale on June 18, 1927, the deed being recorded June 27, of the same year. Defendant avers further that this sale was set aside by judgment of the district court in a suit brought by Mrs. Emily Williams which, however, was reversed on appeal by the Supreme Court, which, on July 17, 1931, recognized and confirmed the title of the Continental Bank & Trust Company; that defendant acquired said property from the Continental Bank & Trust Company on March 8,

*Rehearing denied December 5, 1934.

1929; that the final judgment of the Supreme Court constitutes res judicata between the parties.

In the opinion of the Supreme Court it is held that the mortgage foreclosed upon was executed during the marriage and the existence of the community; that in it neither the husband nor the wife claimed any homestead, nor did the wife file a declaration of homestead as permitted by section 2 of Act No. 35 of 1921 (Ex. Sess.) The judgment of the Supreme Court decrees that, Mrs. Williams having no homestead rights, the judgment of the lower court setting aside the foreclosure by executory process and sale to the Continental Bank & Trust Company is erroneous and is reversed. This in effect recognizes the title of the bank as against Mrs. Williams. Williams v. Continental Bank & Trust Co., 173 La. 353, 137 So. 59.

Defendant, then, must prevail, unless the title of the bank was divested by the subsequent forfeiture to the state and sale for city taxes, in both of which instances the property was assessed to Mrs. Williams and was redeemed by her within the statutory period. It is admitted that the property was assessed to her for the years 1927, '29, '30, and '31, and not assessed to either the bank or defendant; that the bank had no notice of tax delinquency sales or forfeitures except that given by the advertisement.

The property was forfeited to the state in the name of Mrs. Williams by deed dated June 27, 1930, for the 1929 taxes, and was redeemed by her by deed dated June 13, 1931.

On July 5, 1930, the same property was sold in the name of Mrs. Williams, to Lee Richardson, for taxes due the city of Shreveport for the year 1929, and redeemed by her June 9, 1931. Defendant contends that this forfeiture and redemption from the state, and sale for city taxes and redemption from Richardson, constitute new titles and divest that of the plaintiff.

Where mortgaged property is forfeited to the state and redeemed by the mortgagor, the mortgage is not extinguished. It was only dormant during the existence of the forfeiture, and was revived by the redemption. To hold otherwise would permit a debtor to thwart his creditor by ill practice and permit him to hold both the property and the price. People's Bank of New Orleans v. Ballowe, 34 La. Ann. 565.

Where property is sold for taxes and redeemed, the title reverts to the original owner. Cambon v. Lapene, 40 La. Ann. 557, 4 So. 165.

The title acquired by an adjudicatee at a tax sale is an inchoate one during the year for redemption and is defeated by the exercise of that right; the mortgage existing on the property at the time of the adjudication remains in force during the same period. Moore v. Boagni, 111 La. 490, 35 So. 716; Robinson & Co. v. Cosner, 136 La. 595, 67 So. 468; Theriot v. Dugas' Heirs, 2 La. App. 109; Spears v. Spears, 173 La. 294, 136 So. 614.

Having no prescriptable tax title, plaintiff's plea of the prescription of one and three years was properly overruled.

Not having acquired any new title by the acts of redemption and, as decided by the Supreme Court, having taken the property cum onere as to the mortgage placed on it by her husband during the existence of the community, the title of defendant based upon a foreclosure of that mortgage is necessarily superior to that of plaintiff, who acquired from Mrs. Williams.

The judgment appealed from is correct and is affirmed.