PRICE, Judge.
The question presented on this appeal is whether Preston Edwards, the purchaser of residential property already burdened by a recorded judicial mortgage against his vendor, Marvin Ballard, Jr., is entitled to be paid the homestead exemption of $15,000 provided by La.R.S. 20:1, by preference out of the proceeds of the sheriff’s sale under a writ of fifa to satisfy this judgment.
The trial court held the homestead exemption claimed by Edwards was valid and should be given preference over prior recorded judicial mortgage in favor of Twin *737 City Finance Corporation and ordered distribution of the proceeds accordingly unless the sale did not bring a sufficient amount to satisfy the $15,000 homestead exemption, in which event no adjudication was to be made.
Twin City Finance has appealed contending the trial court erred in finding that the homestead claim which came into existence after the recordation of the judicial mortgage is effective as against the mortgage.
We reverse for the reasons assigned.
The basic facts are as follows: Twin City Finance Corporation obtained and recorded a judgment against Marvin Ballard, Jr., on December 17, 1969, while Ballard was the owner of the residence located at 3817 Doris Street in Shreveport, Louisiana. Ballard sold the property some three months later to Preston Edwards. On October 11, 1978 (nearly nine years later), Twin City Finance had a writ of fi fa issued directing the seizure and sale of the property to satisfy its judgment. On October 24, Edwards filed a homestead declaration and subsequently a rule seeking to enforce a homestead preference against the seizure initiated by Twin City Finance.
The Louisiana Supreme Court decided this question in Williams v. Continental Bank & Trust Co., 173 La. 353, 137 So. 59 (1931) by holding:
. Conceding that under section 1, article 11, Constitution of 1921, plaintiff was entitled to a homestead as being a person having other persons dependent upon her for support, nevertheless defendant’s mortgage had attached before the mortgaged property became plaintiff’s homestead. Therefore plaintiff cannot invoke the homestead exemption to protect the property from seizure and sale in satisfaction of the mortgage indebtedness.
The jurisprudence is constant and uniform that privileges, mortgages, and real rights attached to property cannot be disturbed or affected by homestead rights which do not exist at the moment when they attach. [Citation omitted.]
Appellee contends this rule of law has been changed in view of the difference in the language employed in the adoption of La.R.S. 20:1(A) (pursuant to the mandate of the 1974 Constitution) from the language used in the 1921 Constitution in establishing the homestead exemption from seizure. The 1921 Constitution provided: “There shall be exempt from seizure and sale by any process whatever . . . the homestead, bona fide, owned by the debtor and occupied by him . . . ” [Emphasis supplied.] Whereas La.R.S. 20:1(A) providing for the exemption uses the phrase “owned, and occupied by any person.” [Emphasis supplied.]
We do not find this change in language to have the effect appellee claims since appel-lee’s homestead rights were precipitated by his ownership of the property, and at the instance of his acquisition of ownership the property was burdened with the attendant judicial mortgage of Twin City Finance. Therefore, this mortgage could not be affected by the homestead exemption under the Louisiana Supreme Court ruling in Williams which we believe continues to be the controlling rule of law.
For the foregoing reasons the judgment recognizing the preference of the homestead exemption of Preston Edwards over the judicial mortgage of Twin City Finance Corporation on Lots 70, 71, and the west ten feet (10') of Lot 72, New Glass Plant Subdivision of the City of Shreveport, Caddo Parish, Louisiana, is reversed and his demand for such relief is hereby denied. The judgment rejecting his claim for reimbursement for the sum of $5,000 for improvements made on the premises is affirmed.
The case is remanded to the district court for further proceedings not inconsistent with the views expressed herein and in accordance with law. All costs of this proceeding are assessed to appellee.