## No. 930.

### Mrs. G. L. Fuselier vs. Henry S. Buckner and Sheriff.

One of the questions to be decided in this case is, whether the homestead act of the twenty-second of December, 1865, confers upon *married women* the right to a homestead. The letter of the law is unambiguous, and this court is not permitted to disregard it under the pretext of divining the intention of the Legislature. Besides, it is a law in derogation of common rights and must be interpreted strictly.

The law does not confer this privilege of a homestead upon a *married woman.* During the marriage the husband is the head of the family, upon whom devolves the support of the family, and whether in exceptional cases the wife may have to contribute to the support of the family or not, can not affect the interpretation of this statute.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train, J. A. C. Dumartrait*, for plaintiff and appellant. *Fred. Gates*, for defendant and appellee.

Ludeling, C. J. This is an injunction suit in which the plaintiff asserts a right to a homestead under the act of the twenty-second of December, 1865. She claims lots one, two, three, four, and five as shown by a plan on file and the dwelling-house and outbuildings, etc.

Her pretensions are opposed on the grounds following: That she is not the head of a family; and that she owns other property worth more than two thousand dollars.

The evidence shows that she is a married woman; that she owns other property in the parish besides that claimed under the homestead act, wor h more than two thousand dollars, but that it is mortgaged for large debts; and that the property claimed under the said exemption law exceeds in value two thousand dollars—the dwelling-house alone being proved to be worth at least four thousand dollars; and it is further proved that she has a granddaughter living with her whom she has undertaken to rear and educate, the mother consenting.

The question first to be decided is, does the act aforesaid confer upon *married women* the right to a homestead? The following is the law: "In addition to the property and effects now exempt from seizure and sale under execution, one hundred and sixty acres of ground and the buildings and improvements thereon occupied as a residence, and *bona fide* owned by *the debtor, having a family* or mother or father or person or persons *dependent upon him for support;* also one work-horse, one wagon or cart, one yoke of oxen, two cows and calves, twenty-five head of hogs or one thousand pounds of bacon or equivalent in pork, and, if a farmer, the necessary quantity of corn and fodder for the current year; provided, that the property herein declared to be exempt from seizure and sale does not exceed in value two thousand dollars; and in case of excess, any sale thereof under execution shall be taken from the lot of ground and building herein mentioned, and not from the other property herein mentioned as being exempt from seizure and sale; and *provided, further,* that *no debtor* shall be entitled to the exemption, *whose wife* shall own in her own right and be in the actual enjoyment of property worth more than one thousand dollars."

The letter of the law is unambiguous, and we are not permitted to disregard it, under the pretext of divining the intention of the Legislature. Besides, it is a law in derogation of common right, and must be construed strictly. The law does not confer this privilege of a homestead upon a *married woman.* During the marriage the husband is the head of the family, upon whom devolves the support of the family, and whether, in exceptional cases, the wife may have to contribute to the support of the family, or not can not, affect the interpretation of this statute.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.

HOWELL, J., *concurring in the decree.* I concur in the conclusion in this case on grounds different from that given by the majority of the court, which I reserve the right to put on file.