(67 South. 887)

No. 20615.

CAIRE & GRAUGNARD v. HICKOX et al. Intervention of HICKOX.

(Feb. 23, 1915.)

(Syllabus by the Court.)

HOMESTEAD ⊂⇒84 — EXEMPTION — PROPERTY HELD IN INDIVISION—MORTGAGES.

Property, while held in indivision, cannot become affected by the homestead exemption; and property which is not affected by such exemption, when mortgaged, cannot become so affected, afterwards, to the prejudice of the mortgagee.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 121, 122; Dec. Dig. ⊂⇒84.]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Thomas M. Milling, Judge.

Action by Caire & Graugnard against Mrs. L. S. Hickox and others, wherein Mrs. Lelia S. Hickox filed intervention and third opposition. From an adverse judgment, intervener appeals. Affirmed.

Borah & Himel, of Franklin, for appellant. Frank E. Rainold and Foster, Milling, Brian & Saal, all of New Orleans, for appellees Caire & Graugnard.

MONROE, C. J. Plaintiffs obtained an order of seizure and sale upon certain matured notes for the aggregate amount of $55,000, secured by mortgage, by authentic act, importing confession of judgment, on Luckland Plantation, in the Parish of St. Mary, which notes and mortgage were executed by the defendant Mrs. L. S. Hickox, widow of Chas. R. Hickox, and Mrs. Rilma Sanders, wife of Dr. J. L. Caldwell. After the sale, Mrs. Hickox intervened and obtained an order directing the sheriff to retain out of the proceeds the sum of $2,000, with prospective interest, to satisfy a claim of homestead exemption set up by her, under article 244 of the Constitution; her allegations in support of her claim being, in substance, that she is the owner in possession of said property, that the same is her home, that she has an elderly aunt living with her, who is supported by and entirely dependent upon her, and that she has no other means or property.

Plaintiffs moved to rescind the order, upon the grounds that the mortgage sued on was executed by the intervener and Mrs. Caldwell, as owners in indivision of the mortgaged property, and that intervener cannot now be heard to say, to the prejudice of the rights of the mortgagee, that she is the sole owner of the same, that her aunt is not a "person" whose dependency upon her entitles her to the exemption claimed, that the property seized consisted of more than 1,000 acres, with a dwelling thereon, and that intervener, having permitted the whole of it to be sold, in globo, before setting up her claim, cannot now be heard in that behalf; and, the motion having been allowed, intervener prosecutes this appeal.

The act of mortgage sustains the first ground of the motion, which renders the consideration of the others unnecessary. "Property, while held in indivision, cannot become affected by the homestead exemption." Bank of Jeanerette v. Stansbury, 110 La. 301, 34 South. 452. And property which is not affected by such exemption, when mortgaged, cannot become so affected afterwards, to the prejudice of the mortgagee. Ellis v. Freyhan, 124 La. 53, 49 South. 975; Coltharp v. West, 127 La. 434, 53 South. 675. The cases of Garner v. Freeman, 118 La. 184, 42 South. 767, 118 Am. St. Rep. 361, and Harrelson v.

Webb, 124 La. 1007, 50 South. 833, 134 Am. St. Rep. 529, have no application to rights such as were acquired by plaintiff.

Judgment affirmed.