MONROE, C. J.
On October 15, 1913, plaintiff presented a sworn petition to the judge of the district court, alleging that her husband was temporarily absent, and that *1101 she desired to borrow $600 upon a mortgage of certain paraphernal property, in order to pay an existing mortgage debt of $400, contracted for her separate benefit, make needed repairs, requiring $100, and pay taxes; and, the authority having been granted, she executed her note for $600, secured by mortgage, with a waiver of homestead, which were delivered to defendant by the People’s Bank, to whom, by plaintiff’s authority, he paid the $600. On January 30th, following, plaintiff’s husband, who is said to have been a traveling salesman, by private act, ratified what his wife had done. At a later date — after-maturity and nonpayment of the note— defendant caused executory process to issue thereon, and was met by an injunction, obtained by plaintiff, on a sworn petition in which she alleges that the $600 were borrowed to pay debts of her husband, that her husband died in August preceding the seizure, that the mortgaged property is her homestead, and that since his death she has not waived her homestead rights. It was shown on the trial that, of the $600 realized from the mortgage, $443.62 were expended in paying claims which would have primed plaintiff’s homestead claim, if she had had one that was otherwise good. But, at the execution of the mortgage, she was not the head of the family and had no one dependent on her; hence she had no homestead right, and she could not thereafter acquire one to the prejudice of the mortgage. Her waiver of the homestead was surplusage. Const. art 244; Borron v. Sollibellos, 28 La. Ann. 355; Fuselier v. Buckner, 28 La. Ann. 594; Taylor v. McElvin, 31 La. Ann. 283; Brannin v. Womble, 32 La. Ann. 805; Gilmer v. O’Neal, 32 La. Ann. 979; Tilton v. Vignes, 33 La. Ann. 242; Succession of Furniss, 34 La. Ann. 1013; Taylor v. Saloy, 38 La. Ann. 62; Coleman v. Wax, 120 La. 878, 45 South. 926; Ellis v. Freyhan, 124 La. 54, 49 South. 975; Coltharp v. West, 127 La. 430, 53 South. 675; Caire & Graugnard v. Hickox, 136 La. 803, 67 South. 887.
Plaintiff testifies that she told defendant that she intended to use some of the money that she was borrowing to pay grocery and drug bills, which were debts of the community. Defendant testifies that she gave him no such information.
Plaintiff’s sworn petition, upon which she obtained the authorization of the judge, and the act of mortgage executed by her, corroborate the testimony of the defendant.
Judgment affirmed.