STOKER, Judge.
The issue presented in this case is whether or not a judgment debtor is entitled to assert a homestead exemption from seizure and sale on property owned in indivisión. The trial court held that the defendant debtor could not do so and he appeals.
HISTORY OF THE CASE
A judgment was rendered against Joseph Lee Browder on a promissory note for $605.33 with interest, attorney’s fees, and court costs. Gulfco Finance Company of Natchitoches, the holder of the note, requested that a writ of fieri facias be issued directing the sheriff to seize and sell certain immovable property belonging to Browder and others in indivisión.
The writ was issued and the sheriff seized the property. Notice of the seizure was served on the defendant. The defendant sought injunctive relief to prevent the sale. A temporary restraining order was obtained halting the sale because there was not sufficient time for a hearing on the request for a preliminary injunction. At the subsequent hearing on the request for a preliminary injunction Gulfco filed a motion to set aside and dissolve the temporary restraining order and requested attorney’s fees for the wrongful issuance of that order. Browder argued that he was entitled to assert a homestead exemption from seizure.
The trial judge held “as a matter of law, that land owned in indivisión by co-heirs cannot become the homestead of any of the co-owners.” Therefore he denied defendant’s request for a preliminary injunction. In addition, the trial judge denied Gulfco’s demand for attorney’s fees because he did not believe that Browder’s request for a temporary restraining order was unreasonable since the situation presented a close legal question.
FACTS
It is undisputed that the property in question is held in indivisión. The record *1020 owner of the property is the Succession of Elnora Allen. Elnora Allen is the grandmother of Joseph Browder. The Succession of Elnora Allen was never judicially opened, however she left seven children. One of these children is Browder’s mother. Browder purchased a one-seventh interest in the property from an aunt. He lives in the house with his mother who as an heir holds a one-seventh interest.
The 1974 Louisiana Constitution Art. 12, Sec. 9 and LSA-R.S. 20:1 provide for a homestead exemption from seizure and sale. Art. 12, Sec. 9 provides:
“Sec. 9. Exemptions From Seizure and Sale
“Section 9. The legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law.”
LSA-R.S. 20:1 in pertinent part provides:
“Sec. 1. Declaration of homestead; exemption from seizure and sale; debts excluded from exemption; waiver
“A. The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty-acres, buildings and appurtenances, whether rural or urban, . owned, and occupied by any person, is exempt from seizure and sale under any writ, mandate or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to fifteen thousand dollars in value of a homestead. It shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife. The exemption shall continue to apply to a homestead otherwise eligible while owned in indivisión by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides, pursuant to Articles 155, 159, or 2375 of the Louisiana Civil Code. If either spouse becomes the sole owner and continues to occupy the homestead as such, the exemption as to that spouse shall be deemed to have continued uninterrupted.” (Emphasis added)
A reading of 20:1 indicates that the claimant must own and occupy the property sought to be exempt from seizure. LSA-R.S. 20:1 provides for a homestead exemption from seizure in very limited and specific instances of co-ownership; that of a surviving spouse and children and that of spouses in a community regime. There is no indication from this statute or the jurisprudence that any other situation of co-ownership would meet the requirements of LSA-R.S. 20:1.
There are no recent cases on this subject because the principle seems to be so well established. In Bank of Jeanerette v. Stansbury, 110 La. 301, 34 So. 452 (1903) the court noted at page 453:
“[This case] falls within the doctrine, established by repeated decisions to the effect that the right of homestead cannot exist with respect to property held in indivisión, of which doctrine this court has said: ‘This doctrine was first announced in Henderson v. Hoy, 26 La. Ann. 156 [1874], was affirmed in 28 La. Ann. 355 [Borron v. Sollibellos ] [1876] and 608 [Simon v. Walker ] [1876], and is a rule of property.’ Brannin v. Womble, Sheriff, 32 La.Ann. 808. See, also, to the same effect, Greig v. Eastin, 30 La.Ann. 1130 [1878]; Cole v. La Chambre, 31 La.Ann. 41 [1879]; Gilmer v. O’Neal, Sheriff et al., 32 La.Ann. [979 at] 983 [1880]; Soulier v. Sheriff et al., 37 La.Ann. 162 [1885].”
In Caire & Graugnard v. Hickox, 136 La. 803, 67 So. 887 (1915), the court again stated the principle that property held in indivisión cannot become affected by the homestead exemption. In Roque v. Henry, *1021 189 So. 358 (La.App.2d Cir. 1939), the court cited the above cases and explained:
“The tract of land herein referred to is owned in indivisión by plaintiff and his co-heirs. In view of this sort of ownership, the land cannot become the homestead of either co-owner. In other words, land held in indivisión may not be made the subject of a homestead, except in the one instance laid down in the Constitution. Caire & Graugnard v. Hickox et al., 136 La. 803, 67 So. 887 [1915]; Bank of Jeanerette v. Stansbury, 110 La. 301, 34 So. 452 [1903].”
Browder argues that the law has changed and that these decisions were based on the law and constitution prior to 1974. He argues that the constitutional articles and statutes which control homestead exemptions have been changed and now contain language which allows for an exemption in his situation. While we agree there has been a change, we do not agree that the law has changed on this particular point. There is no indication that an owner in indivisión may now claim the exemption.
The 1913 Louisiana Constitution provided:
“Art. 244. There shall be exempt from seizure and sale by any process whatever, except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father, or a person or persons dependent on him or her for support; _
“Provided, that in case the homestead exceeds two thousand dollars in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under any legal process realizes more than that sum.
“No husband shall have the benefit of a homestead, whose wife owns, and is in the actual enjoyment of property or means to the amount of two thousand dollars.” (Emphasis added)
⅝ In 1921 Art. XI, Sec. 1 of the Constitution provided:
“Sec. 1. Property exempt; valuation; claim of benefit
“Section 1. There shall be exempt from seizure and sale by any process whatever, except as hereinafter provided, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty (160) acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support; ....
“Provided, that in case the homestead exceeds Four Thousand Dollars ($4,000.00) in value, the beneficiary shall be entitled to that amount in case of a sale of the homestead under legal process realizes more than that sum; if the sale does not realize more than that sum, over and above all costs and expenses, said sale shall be null and void.
“The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary.” (Emphasis added)
We believe the change in the law relates to the old requirement that a party had to be the head of a household or have persons dependent on him for support. This is no longer a requirement. Now “any person” may claim the exemption if he owns and occupies the property. In addition, the exempted value has changed.
Browder cites the case of Cloud v. Cloud, 145 So.2d 331 (La.App.3d Cir.1962) in support of his contention that the claimant need not have full ownership to claim the exemption. In Cloud v. Cloud, supra, the court allowed the exemption where the claimant was the owner of the house but not the land on which it was located. Cloud was not a case of ownership in indi-visión since the claimant in that case was the sole owner of the house. This case is clearly distinguishable from Browder’s situation and is not authority for the principle *1022 that an owner in indivisión can claim an exemption from seizure.
For the foregoing reasons the judgment of the lower court is affirmed.
AFFIRMED.