United States Court of Appeals,

Fifth Circuit.

No. 94-30068

Summary Calendar.

In the Matter of Laurie Maria BROCATO, Debtor,

Laurie Maria BROCATO, Appellant,

v.

Cynthia Lee TRAINA, Appellee.

Sept. 6, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, DAVIS and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Does Louisiana law exempt from seizure a bankruptcy debtor's real property occupied by the debtor as her home and owned by her in indivision with another who is not the debtor's spouse? The bankruptcy court and district court said no. Following our *de novo* review, we agree and affirm.

FACTS

Debtor, Marie Louise Brocato, sought relief under Chapter 7 of the Bankruptcy Code. She claimed a homestead exemption for her residence in New Orleans which she owns in indivision with Mary Louise Singleton. The trustee objected contending that the homestead exemption provided by Article 12 § 9 of the Louisiana Constitution of 1974, and Title 20 Section 1 of the Louisiana Revised Statutes is not available for property owned in indivision with another not the debtor's spouse. The bankruptcy court and

district court agreed.

DISCUSSION

Article 12 Section 9 of the Louisiana Constitution of 1974 provides:

"The Legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law."

Title 20 Section 1 of the Louisiana Revised Statutes provides in pertinent part:

A. The Bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on the one tract or a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned, and occupied by any person, is exempt from any seizure and ale under any writ, mandate or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to fifteen thousand dollars in value of a homestead. It shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife. The exemption shall continue to apply to a homestead otherwise eligible while owned in indivision by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides, pursuant to Articles 155, 159, or 2375 of the Louisiana Civil Code. If either spouse becomes the sole owner and continues to occupy the homestead as such, the exemption as to that spouse shall be deemed to have continued uninterrupted.

The Louisiana Supreme Court has not addressed the question since adoption of the 1974 Constitution. We examine and give "proper regard" to the decisions of other Louisiana courts which have. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). The Supreme Court has addressed the issue under earlier Constitution. We find an unbroken line of

2

Louisiana appellate court decisions beginning with *Henderson v. Hoy,* 26 La.Ann. 156 (1874), and ending with *Gulfco Finance Co. v. Browder,* 482 So.2d 1019 (La.App. 3rd Cir.1986), squarely holding that property owned in indivision with others than a spouse and children of that spouse in a community regime, cannot qualify for the homestead exemption.[1]

Appellant argues that *Gulfco* is wrongly decided because the law changed with the 1974 Constitution. It has, but not in this regard. We agree with the Louisiana Third Circuit Court of Appeal that:

> "... the change in the law relates to the old requirement that a party had to be the head of a household or have persons dependent on him for support. This is no longer a requirement. Now, "any person' may claim the exemption if he owns and occupies the property. In addition, the exempted value has changed." *Gulfco,* 482 So.2d at 1021.

As Appellee points out, to read the phrase "any person" in the statute as broadly as Appellant does renders much of the statute surplusage. Appellant argues that the words "any person" indicate that anyone with a degree of ownership who occupies the property as their home may claim the exemption. But that ignores the further language in the statute which extends the exemption to "a homestead otherwise eligible while owned in indivision by the spouses, and occupied by either of them...." If the phrase "owned ... by any person ..." included an owner in indivision, then the specific extension to spouses and children in a community property regime would be unnecessary. Additionally, to accept Appellant's reading

---

[1]Additional cases from both the Supreme and appellate courts are found collected in *Gulfco,* 482 So.2d at 1020.

of "any person" would necessarily include juridical persons and even Appellant does not contend for that position.

The judgment of the district court is

AFFIRMED.