Dear Mr. Bonvillian:
You have requested an opinion of the Attorney General regarding the eligibility for homestead exemption of immovable property which is owned in indivision by two or more individuals. You present the following two factual scenarios for our consideration:
 1. A husband and wife obtain a divorce. The husband remains in the home both of them occupied prior to the divorce which now, by community property settlement, constitutes his separate property. Also, as part of the settlement, the husband pays the wife $89,750 (cash) which she uses to purchase another home, the total purchase price of which is $179,500. The husband puts up the other half of the purchase price and each retain a 50% ownership of the new home as their separate property.
 Query: Can the wife claim a homestead exemption on her one-half interest in the new home?
 2. Four family members each inherited a 25% interest in a family home as the result of the opening of the succession of their parents. One of the heirs lives in the home.
 Query: Can the person occupying the home claim all, or a portion of, the homestead exemption?
Initially, it should be noted that the determination of whether property is subject to homestead exemption is a factual determination which is the responsibility of the tax assessor, subject to review by the Louisiana Tax Commission, and, ultimately, the courts. Article VII, Section 8 of the 1974 Louisiana Constitution and R.S. 47:1952. We offer the following discussion to assist you in making this determination.
Article VII, Section 20 of the Louisiana Constitution of 1974 provides, in pertinent part, with respect to the homestead exemption, as follows:
 "Section 20. (A) Homeowners.
 (1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and pertinances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorum taxes to the extent of seven thousand five hundred dollars of the assessed valuation . . . .
 (2) The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not to more than one homestead owned by the husband or wife."
In the two examples set forth in your request, the properties in question are owned in indivision. This office has previously opined, consistent with the jurisprudence of this state, that immovable property held in indivision is not entitled to the homestead exemption afforded by Article VII, Section 20 and Article XII, Section 9 of the 1974 Louisiana Constitution. This latter constitutional provision relates to property exempt from seizure and sale.
In the recent case of Brocato v. Traina, 30 F.3d 641 (5th Cir. 1994) the court notes:
 "We find an unbroken line of Louisiana appellate court decisions beginning with Henderson v. Hoy, 26 La. Ann. 156 (1874), and ending with Gulfco Finance Co. v. Browder, 482 So.2d 1019 La.App. 3rd Cir. (1986), squarely holding that property owned in indivision with other than a spouse and children of that spouse in a community regime, cannot qualify for the homestead."
See also Attorney General Opinion Nos. 96-3, 95-131 and 94-70.
Accordingly, it is the opinion of this office that the homestead exemption would appear to be unavailable to the wife and the co-heir in the respective examples set forth in your request.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla