Dear Mr. Bonvillain:
You have requested an opinion of the Attorney General regarding the eligibility for homestead exemption of immovable property. In the scenario you present, a college student has sufficient funds to make a down payment on a home. However, she has insufficient income to qualify for a loan to finance the purchase. The financing institution requires her mother to co-sign for the loan and to be a signatory on the Act of Sale as a co-owner. The mother resides in a separate domicile where she receives the benefit of the homestead exemption. The daughter will be the sole occupant of the new home. You ask whether the residence co-owned by the daughter and mother qualifies for the homestead exemption.
Before addressing your specific questions, we must advise that the decision of whether property is subject to the homestead exemption is a factual determination which is the responsibility of the various tax assessors, subject to review by Tax Commission and, ultimately, the courts. Article VII, Section 18 of the Louisiana Constitution of 1974 and R.S. 47:1952.
Every claim for homestead exemption must be determined according to the particular facts and circumstances surrounding its application. However, previous court cases and Attorney General's Opinions may be of assistance in making these decisions. Determinations regarding the availability of homestead exemptions must be considered in light of the jurisprudence of this state which has consistently held that exemptions from taxation must be strictly construed against the person(s) claiming the exemption. Mattingly v. Vial, 190 So. 313 (La. 1939) and Rustin Hospital v. Riser, 191 So.2d 665 (La.App. 2nd Cir. 1966).
Article VII, Section 20 of the Louisiana Constitution of 1974 provides, in pertinent part, with respect to the homestead exemption, as follows:
 Section 20. (A) Homeowners.
 The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and pertinances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand dollars of the assessed valuation.
 The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not more than one homestead owned by the husband or wife.
The Act of Sale, in question, unequivocally reflects that the property is owned in indivision by the daughter and mother. This office has previously held, consistent with the jurisprudence of this state, that immovable property held in indivision is not entitled to the homestead exemption afforded by Article VII, Section 20. Attorney General Opinion Nos. 98-236, 96-3, 95-131 and 94-70.
In the case of Brocato v. Traina, 30 F.3d 641 (5th Cir. 1994) the Court states:
 We find an unbroken line of Louisiana appellate court decisions beginning with Henderson v. Hoy,
26 La. Ann. 156 (1874), and ending with Gulfco Finance Co. v. Browder, 482 So.2d 1019 (La.App. 3rd Cir. 1986), squarely holding that property owned in indivision with other than a spouse and children of that spouse in a community regime, cannot qualify for the homestead.
Based on this scenario you have presented, the residence in question, does not constitute a homestead of a deceased owner occupied by the surviving spouse or minor children. Thus, the homestead exemption afforded in Article VII, Section 20(A)(2) is not applicable.
Accordingly, it is the opinion of this office that the homestead exemption would appear to be unavailable to the daughter and/or mother as owners in indivision of the subject immovable property.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/REH, III,/sfj