**In re James Gerard MAZOUE.**

**James Gerard Mazoue, Plaintiff–Appellant,**

v.

**Cynthia Lee Traina, Defendant–Appellee.**

Nos. Civ.A. 99–1824.
Bankruptcy No. 97–12625.

United States District Court, E.D. Louisiana.

Oct. 22, 1999.

Phillip K. Wallace, Slidell, LA, for plaintiff.

Claude C. Lightfoot, Jr., Metairie, LA, Attorney General, State of Louisiana, Baton Rouge, LA, for defendant.

## ORDER AND REASONS

BERRIGAN, District Judge.

Before the Court is Plaintiff–Appellant James Gerard Mazoue's appeal of the Bankruptcy Court's denial of his claimed homestead exemption during Chapter 7 bankruptcy proceedings. The issues before this Court are as follows:

1. Does the Louisiana homestead exemption, La.R.S. 20:1, extend to an heir of majority owning property in indivision with his mother and brother?

2. If the exemption does not extend to such a person, does the statute itself violate the Louisiana Constitution's provision on age discrimination, La. Const. art. I, § 12?

For the reasons explained below, this Court answers both questions in the negative. Accordingly, the Bankruptcy Court's judgment is AFFIRMED.

## I. INTRODUCTION

### A. History of the Matter

Mazoue filed a petition for bankruptcy under Chapter 7 on May 14, 1997 and then amended his Schedule B on July 21, 1997 to include his financial interest in a person-

al residence at 1334 Bonnabel Avenue, Metairie, Louisiana 70005. Thereafter, he amended his Schedule C on December 14, 1998 to claim his financial interest in the residence as exempt under the Louisiana homestead exemption. La.R.S. 20:1. The Chapter 7 trustee-in-bankruptcy, Cynthia Traina, filed an objection to the claimed exemption on December 18, 1998 and again on January 6, 1999.

The United States Bankruptcy Court for the Eastern District of Louisiana, Jerry A. Brown, J., denied the trustee's objection at a hearing held March 17, 1999. However, upon Motion for Reconsideration, the Bankruptcy Court held another hearing on the matter on May 5, 1999. At that time, the court granted the Motion to Reconsider,[1] thus ordering that the objection to the exemption be sustained and that Mazoue's homestead exemption be denied. Mazoue now appeals from the Bankruptcy Court's order.

## B. Jurisdiction and Standard of Review

■ This Court has jurisdiction to hear an appeal from "final judgments, orders and decrees" of the Bankruptcy Court under 28 U.S.C. § 158. On appeal, the District Court will overturn the Bankruptcy Court's findings only where those findings are clearly erroneous. *See* Fed. R.Bankr.P. 8013 and Fed.R.Civ.P. 52(a). *See also In the Matter of Perez,* 954 F.2d 1026, 1027 (5th Cir.1992). On the other hand, however, the District Court reviews the Bankruptcy Court's conclusions of law *de novo. See id.*

■ The Bankruptcy Court's ruling that Mazoue could not claim the Louisiana homestead exemption in his Chapter 7 bankruptcy is a conclusion of law. Therefore, this Court will review that decision *de novo.*

## C. Issues on Appeal

Mazoue inherited a one-fourth ownership interest in the Bonnabel Avenue residence through a Judgment of Possession from the 24th Judicial District Court, Jefferson Parish, Louisiana on May 27, 1977 after the death of his father, Otis Louis Mazoue. Mazoue's brother also inherited a one-fourth ownership interest. They both hold their interests concurrently with their mother, Joanna Renehan Mazoue, who maintained her one-half interest in the home, under community property principles, after her husband's death. The Judgment of Possession bestowed upon Mrs. Mazoue the right to use and enjoy her sons' interests during their lifetimes. Nevertheless, all three have maintained their primary personal residence at the Bonnabel Avenue house until today.

Mazoue claims that his interest in the residence qualifies for Louisiana's homestead exemption, La.R.S. 20:1, and therefore exempts the property from disposition according to federal bankruptcy laws. If the exemption does not extend to his interest, Mazoue, a person of majority, in the alternative, challenges the statute as violating the Louisiana Constitution's prohibition on age discrimination. La. Const. art. I, § 12 ("Freedom from Discrimination"). Traina, however, argues that the exemption does not extend to ownership in indivi-

**1.** Plaintiff-Appellant claims that the Bankruptcy Court improperly entertained Defendant-Appellee's Motion to Reconsider because there was no new evidence introduced. In *Washington v. CSC Credit Services, Inc.,* 180 F.R.D. 309 (E.D.La.1998), this Court ruled that alteration or amendment of a previous ruling under Fed.R.Civ.P. 59(e) is proper upon movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." *Id.* at 311. Under such an analysis, it is not necessary for movant to bring forth new evidence; rather, it is necessary only to argue and prove one or more of the aforementioned conditions. Traina moved the Bankruptcy Court to reconsider its previous ruling claiming the court was clearly mistaken in its conclusions of law. Therefore, Traina did not need to bring forth any new evidence. Her motion was proper, as was the court's consideration of it.

sion by heirs other than spouses or minor children and also that the statute does not violate the constitutional limitation on age discrimination.

## II. ANALYSIS

### A. Application of the Homestead Exemption

#### 1. *The Statutory Exemption*

■ "When interpreting a statute, [a court] look[s] first to the language." *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 1710, 143 L.Ed.2d 985 (1999). Considering the language of the homestead exemption, it is clear that exemption upon inheritance of property extends only to the deceased's spouse or minor children. The statute reads as follows:

> The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned, and occupied by any person, is exempt from seizure and sale under any writ, mandate or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to fifteen thousand dollars in value of a homestead. It shall extend to the *surviving spouse or minor children* of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife. The exemption shall continue to apply to a homestead otherwise eligible while owned in indivision by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides, pursuant to Articles 155, 159, or 2375 of the Louisiana Civil Code. If either spouse becomes the sole owner and continues to occupy the homestead as such, the exemption as to that spouse shall be deemed to have continued uninterrupted.

La. R.S. 20:1 (emphasis added).[2]

Mazoue urges this Court to read the first sentence of the statute, namely the

2. The Louisiana legislature has recently amended the exemption. As of January 1, 2000, the relevant portion of the statute will read as follows:

> A. The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not located in a municipality. The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to twenty-five thousand dollars in value of the homestead, except in the case of obligations arising directly as a result of a catastrophic or terminal illness or injury, in which case the exemption shall apply to the full value of the homestead based upon its value one year before such seizure. For the purposes of this Section, "catastrophic or terminal illness or injury" shall mean an illness or injury which creates uninsured obligations to health care providers of more than ten thousand dollars and which are greater than fifty percent of the annual adjusted gross income of the debtor, as established by an average of federal income tax returns for the three preceding years.
>
> B. The exemption provided in Subsection A shall extend to the *surviving spouse or minor children* of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife. The exemption shall continue to apply to a homestead otherwise eligible while owned in indivision by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides, pursuant to R.S. 9:381 et seq., or Articles 159 or 2375 of the Louisiana Civil Code. If either spouse becomes the sole owner and continues to occupy the homestead as such, the exemption as to that spouse shall be deemed to have continued uninterrupted.

1999 La.Sess.Law Serv.Act 1365 (S.B.855) (emphasis added).

phrase "any person," in isolation from the sentences that follow it. As such, he argues that the exemption applies to his interest in the Bonnabel Avenue residence because it is his permanent residence and he has a financial interest in it.

The first sentence of Section 1(A) of Title 20 describes what properties will qualify as a "bona fide homestead." The next four sentences clearly describe the limits of the exemption. The third sentence, in particular, clearly states that the exemption "shall extend to the *surviving spouse or minor children of a deceased owner* ..." La.R.S. 20:1 (emphasis added).

 It is well-established that "a statute is to be considered in all its parts when construing any one of them." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36, 118 S.Ct. 956, 962, 140 L.Ed.2d 62 (1998). A legislature is presumed not to have included mere superfluous words, let alone sentences, within statutes. *See Bailey v. United States*, 516 U.S. 137, 145, 116 S.Ct. 501, 507, 133 L.Ed.2d 472 (1995) (quoting *Platt v. Union Pacific R. Co.*, 99 U.S. 48, 58, 25 L.Ed. 424 (1878)). Otherwise, the language would be mere surplusage. *See Bailey*, 516 U.S. at 145, 116 S.Ct. 501 (quoting *Ratzlaf v. United States*, 510 U.S. 135, 140–141, 114 S.Ct.

655, 659, 126 L.Ed.2d 615 (1994)). Specifically under Louisiana law, if at all possible, a court should not interpret statutory language as surplusage but rather should give effect to all the words of a statute. *See Dore v. Tugwell*, 228 La. 807, 84 So.2d 199, 204 (1955) (citation omitted) ("A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently each part or section should be construed in connection with every other part or section so as to produce a harmonious whole."). *See also Edwards v. Daugherty*, 729 So.2d 1112, 1123 (La.App. 3d Cir.1999); *Perkins v. State Board of Elementary and Secondary Education*, 562 So.2d 930, 932 (La. App. 1st Cir.1990). Therefore, because the Louisiana legislature included the limiting language in the statute, it would be inappropriate for this Court to read out the third sentence and thereby extend the homestead exemption to Mazoue.[3]

### 2. Caselaw

There is limited caselaw considering whether the homestead exemption extends to persons other than a surviving spouse or minor child owning inherited property in indivision. However, what caselaw there is supports the analysis above, i.e.,

---

As can be seen from the new text, the legislature has not altered the relevant language. This re-adoption of that language only further reinforces the legislature's intent that the exemption extend to surviving spouses or minor children only.

3. In his Reply Brief, Plaintiff–Appellant argues that Louisiana cannot limit its own exemptions from the federal bankruptcy scheme. Mazoue tries to establish that, because the Bankruptcy Code permits citizens to claim property exemptions under their own State laws, 11 U.S.C. § 522(b), States cannot limit or define their own property exemptions. Under this reasoning, States could enact only broadly-worded general exemptions and then would have to leave interpretation of those exemptions to federal courts hearing bankruptcy cases.

In fact, the Fifth Circuit, en banc, vacated the very case, *In re Davis*, 105 F.3d 1017 (5th Cir.1997), Mazoue cites for his proposition.

131 F.3d 1120 (5th Cir.1997). Rehearing the case en banc earlier this year, the Fifth Circuit, in holding that provisions of the Texas homestead exemption do not conflict with the federal statutory bankruptcy scheme, stated that "it is clear that Congress has not devised a policy on federal exemptions so pervasive as to leave no room for a state to supplement bankruptcy law with respect to exemptions." 170 F.3d 475, 482 (5th Cir.1999), *cert. denied sub nom. Davis v. Davis*, —— U.S. ——, 120 S.Ct. 67, —— L.Ed.2d —— (1999).

In the case at bar, Mazoue fails to identify any conflict between the Louisiana homestead exemption and the federal statutory bankruptcy scheme. Therefore, considering the very recent opinion of the Fifth Circuit in *Davis*, this Court finds that Louisiana's limitations of its own homestead exemption are proper under the State's prerogative, granted by Congress, to establish its own property exemption laws.

that the later sentences in the statute limit the first sentence. In *In the Matter of Brocato*, the Fifth Circuit, interpreting the Louisiana exemption, rejected a claim to the exemption's application by a debtor who owned property in indivision with a third party who was not her spouse. 30 F.3d 641 (5th Cir.1994). Therein, the court determined that the addition of the phrase "any person" to the statutory language did not expand the exemption to all persons owning property in indivision because, if it did, such addition would "render[ ] much of the statute surplusage." *Id.* at 643. Even though *Brocato* considered the situation of two unrelated women owning property in indivision and the instant case involves a man owning inherited property in indivision with his mother and brother, it directly addresses whether the exemption can extend beyond its own clearly defined limitations. Thus, the reasoning of *Brocato* applies directly to the case at bar.

*Brocato* relied upon *Gulfco Finance Co. of Natchitoches v. Browder*, 482 So.2d 1019 (La.App. 3d Cir.1986), the most recent Louisiana state court case analyzing whether the exemption extends to "any person" owning property in indivision. In that case, the Louisiana Third Circuit Court of Appeals held that the exemption does not extend to a debtor owning (and residing in) property in indivision with heirs of the debtor's grandmother. After quoting the language of the statute and stating that the exemption applies to a surviving spouse and minor children and spouses owning property in a community regime, the court clearly stated that "[t]here is no indication from [the] statute or the jurisprudence that any other situation of co-ownership would meet the requirements of [La.] R.S. 20:1." *Id.* at 1020. The court found that the changes to

the statute provide "no indication that an owner in indivision [other than those limited situations mentioned] may now claim the exemption." *Id.* at 1021. As with *Brocato*, even though *Gulfco* considered a situation other than an heir owning property in indivision with his mother and brother, it directly addressed whether the statute applies to situations other than those delineated within the statute itself. As such, its reasoning also applies directly to the case at bar.

### B. Constitutionality of the Homestead Exemption

■ As stated above, Mazoue argues that, if this Court finds that the homestead exemption does not extend to him, this Court should find that the statute itself violates the Louisiana Constitution's provision on age discrimination.[4] La. Const. art I, § 12. That section reads as follows:

> In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from *arbitrary, capricious, or unreasonable discrimination based on age*, sex, or physical condition.

*Id.* (emphasis added).

It is clear from a plain reading of that section that Louisiana does not totally ban age discrimination in public areas, accommodations, and facilities; rather such discrimination cannot be "arbitrary, capricious, or unreasonable." Although there is no readily available legislative history to explain why the relevant portion of the homestead exemption is limited to minor children, the purpose of the limitation is not difficult to discern. The limitation protects a family from interference with its primary residence in cases where one spouse predeceases the other, where only

---

4. Although Defendant–Appellee contends that this issue is not properly before this Court, she is mistaken. Mazoue has adequately briefed the issue, and it is preserved on the record for this appeal. The cases Traina cites to support her position, *Morrison v. City of*

*Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985) and *Kemlon Products v. United States*, 646 F.2d 223, 224 (5th Cir.1981), require no more. As such, it is proper for this Court to consider the issue of the statute's constitutionality.

one parent is living or, in the worst-case scenario, where both parents have died leaving the property to their minor children. This purpose clearly is not arbitrary, capricious, or unreasonable; rather, it is well-reasoned and logical that families in such situations may face financial problems and thus need the protection that the homestead exemption affords. Therefore, this Court finds that Section 1(A) of Title 20 comports with the Louisiana Constitution's provision on age discrimination.

## III. CONCLUSION

For the reasons stated above this Court finds (1) that an heir of majority owning property in indivision with his mother and brother cannot claim that property as exempt under the Louisiana homestead exemption; and (2) that the statute providing the exemption does not violate the Louisiana Constitution's provision on age discrimination. Therefore, the judgment of the Bankruptcy Court is hereby AFFIRMED.