Dear Ms. Lee:
You have requested an opinion of the Attorney General regarding the implementation of Article VII, Section 18(G) of the Louisiana Constitution of 1974, which was added by Act 1491 of the 1997 Regular Session of the Louisiana Legislature. The constitutional amendment was approved by the electorate on October 3, 1998, with an effective date of January 1, 2000. It establishes a Special Assessment Level (SAL) for those individuals who qualify. The SAL, once established, cannot be increased as a result of reassessment as long as the property and owner(s) remain(s) eligible.
Before addressing your specific questions, we must advise that the determination of whether property is subject to homestead exemption and the SAL is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission and, ultimately, the courts. ArticleVII, Section 18 of the Louisiana Constitution of 1974 and R.S.47:1952. In accord are Attorney General Opinion Nos. 00-155, 00-142, 99-155, 98-236 and 98-95.
Every claim for homestead exemption must be determined according to the particular facts and circumstances surrounding the application. The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body and against the person claiming the exemption. Mattingly v. Vial,193 La. 1, 190 So. 313 (La. 1939) and Zapata Haynie Corp. v.Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991) writ denied. With these principles in mind, we focus now on the issues at hand.
Initially, we find Article VII, Section 20, pertaining to homestead exemption, to be relevant to your inquiry. It provides, in pertinent part, the following:
 § 20. Homestead Exemption
 Section 20. (A) Homeowners.
 (1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. . . .
 (2) The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not to more than one homestead owned by the husband or wife. (Emphasis added.)
Section 18(G) provides in pertinent part, the following:
 (G)(1) Special Assessment Level.
 (a)(i) The assessment of residential property receiving the homestead exemption which is owned and occupied by any person or persons sixty-five years of age or older and who meet all of the other requirements of this Section shall not be increased above the total assessment of that property for the first year that the owner qualifies for and receives the special assessment level, unless the owner fails to qualify and receive the special assessment level in a subsequent year. Such property of an owner who has failed to qualify for the special assessment level in one year and who requalifies in a subsequent year shall be assessed at the level at which it was assessed for the most recent year the owner failed to receive the special assessment level.
 (ii) Any person or persons shall be prohibited from receiving the special assessment as provided in this Section if such person or persons' adjusted gross income, as reported in the federal tax return for the year prior to the application for the special assessment, exceeds fifty thousand dollars. For person applying for the special assessment whose filing status is married filing separately, the adjusted gross income for purposes of this Section shall be determined by combining the adjusted gross income on both federal tax returns .The income requirement to receive the special assessment level shall be met annually by the person or persons receiving the special assessment level.
 (iii) An eligible owner shall annually apply for the special assessment level by filing a signed application establishing that the owner qualifies for the special assessment level with the assessor of the parish or, in the parish of Orleans, the assessor of the district where the property is located.
 * * *
 (2) The special assessment level shall remain on the property as long as:
 (a) That owner, or that owner's surviving spouse who is fifty-five years of age or older or who has minor children, remains eligible for and applies annually for the benefit of the special assessment level on that property. (Emphasis added.)
As previously noted, the effective date of the Section 18(G) is January 1, 2000. Accordingly, the assessed value of the property upon which the SAL is to be based is that value appearing on the tax assessment rolls as of January 1, 2000. In accord is Attorney General Opinion No. 00-21. Further, to qualify for the special assessment, the following conditions must be met as of January 1, 2000:
 (1) The residential property in question must be receiving the homestead exemption.
 (2) The person or persons owning and occupying the residential property must be 65 years of age or older.
 (3) The person or persons' adjusted gross income, as reported in their 1999 federal tax return, must not exceed $50,000.
Your first question is whether a surviving spouse of 55 years of age or older, but less than 65 years of age, can qualify for the SAL in the first year (i.e., on January 1, 2000). As previously noted, Section 18(G)(2)(a) specifically provides that the SAL shall "remain on the property as long as the owner, or that owner's surviving spouse who is fifty-five years of age or older or who has minor children, remains eligible for and appliesannually for the benefit of the special assessment level on that property." (Emphasis added.)
We are of the opinion that the language quoted above implies that the property must have already qualified for and received the SAL. Thus, to qualify in the initial year, the surviving spouse must be sixty-five years or older and own and occupy the property which is already receiving the homestead exemption. In addition, his or her adjusted gross income, as reported on his or her 1999 federal tax return, must not exceed $50,000. In accord is Attorney General Opinion No. 00-21.
You next ask whether the SAL is available to siblings and/or other partners living together in a home owned in indivision. If so, you ask whether the adjusted gross income of all parties residing in, and owning the property, should be considered.
As previously noted, the SAL is applicable to residential property which is eligible for and receiving the homestead exemption afforded under Article VII, Section 20. This office has historically recognized five essential requirements necessary to qualify for the homestead exemption, to wit:
 (1) A tract of land with a
 (2) Residence thereon, and the
 (3) Ownership and
 (4) Occupation of both by
 (5) A person
See attorney General Opinion Nos. 92-788, 92-593 and 83-235.
Pursuant to Article VII, Section 20(A)(2) the homestead exemption extends to the surviving spouse or minor children of a deceased owner when the homestead is occupied as such and title to it is ineither husband or wife.
This office has issued several opinions relative to the eligibility, vel non, for the homestead exemption. In Opinion No. 99-155 we addressed the issue of the eligibility for homestead exemption of a college student having sufficient funds to make a down payment for a home, but insufficient income to qualify for a loan to finance the purchase. The financing institution required the student's mother to co-sign for the loan and be a signatory on the Act of Sale as a co-owner. The mother resided in a separate domicile where she received the benefit of the homestead exemption. The daughter was the sole occupant of the new home. The issue was whether the property owned in indivision by the daughter and mother qualified for homestead exemption.
Citing numerous opinions previously issued by this office, we opined that immovable property held in indivision is not entitled to the homestead exemption. We further noted that the residence in question did not constitute a homestead of a deceased owner occupied by the surviving spouse or minor children. Thus, the extension of the homestead exemption afforded in Article VII, Section 20(A)(2) was not applicable.
In Opinion No. 95-131, the issue presented was whether immovable property owned in indivision by two single (i.e., unmarried) individuals was eligible for the homestead exemption. Concluding the property was not homestead exempt, we cited Brocato v. Triana,30 F.3d 641 (5th Cir. 1994) which held:
 We find an unbroken line of Louisiana Appellate Court decisions beginning with Henderson v. Hoy, 26 La. Ann. 156 (1874) and ending with Gulfco Finance Co. v. Browder, 482 So.2d 1019 (La.App. 3rd Cir. 1986) squarely holding that property owned in indivision with other than a spouse and children of that spouse in a community regime, cannot qualify for the homestead exemption.
In Opinion No. 98-236, the facts presented involved four family members, each of whom inherited a twenty-five percent interest in a family home as the result of the opening of the succession of their parents. One of the heirs lived in the home and applied for homestead exemption. Again, citing the Brocato case, we concluded that the property did not qualify for the homestead exemption because it was owned in indivision by the four heirs. In accord are Opinion Nos. 96-3 and 94-70.
Conversely, in Opinion No. 91-262, we concluded that the sole heir who has ownership and occupancy of the property was entitled to the homestead exemption.
Accordingly, and in answer to your second question, if the home is owned in division by individuals other than the surviving spouse and children of that spouse in a community regime, the homestead exemption afforded by Article VII, Section 20 is not applicable. Since the property is not receiving the homestead exemption the SAL is, likewise, not applicable.
You next ask whether the SAL is available on property that is owned in indivision by a surviving spouse and that spouse's children, and occupied by the surviving spouse. If so, you ask whether the adjusted gross incomes of the surviving spouse and children should be combined in calculating the $50,000 cap. It is the opinion of this office that only the adjusted gross income of the surviving spouse should be considered for eligibility purposes. Once again, the surviving spouse must be 65 years of age or older to qualify for the SAL in the initial year.
In the event the property is owned in indivision by the children only, the property would not be eligible for the SAL under the cases and opinions cited above.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj