Dear Ms. Jones:
You have requested an opinion of the Attorney General regarding the eligibility for homestead exemption of immovable property which is owned in indivision by the grandparents and a grandson.
Initially, it should be noted that the determination of whether property is subject to homestead exemption is a factual determination which is the responsibility of the tax assessor, subject to review by the Louisiana Tax Commission and, ultimately, the courts. Article VII, § 8 of the 1974 Louisiana Constitution and R.S. 47:1952. We offer the following discussion to assist you in making this determination.
Article VII, § 20 of the Louisiana Constitution of 1974 provides, in pertinent part, with respect to the homestead exemption as follows:
Section 20. (A) Homeowners.
 (1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation . . .
 (2) The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not to more than one homestead owned by the husband or wife.
As noted above, the property in question is owned in indivision. This office has consistently opined, in accordance with the jurisprudence of this State, that immovable property held in indivision is not entitled to the homestead exemption afforded by Article VII, § 20.
In the case of Brocato v. Traina, 30 F.3d 641 (5th Cir. 1994), the court held:
 We find an unbroken line of Louisiana appellate court decisions beginning with Henderson v. Hoy, 26 La. Ann. 156 (1874), and ending with Gulfco Finance Co. v. Browder, 482 So.2d 1019 (La.App. 3rd Cir. 1986), squarely holding that property owned in indivision with other than a spouse and children of that spouse in a community regime, cannot qualify for the homestead.
In accord are Attorney General Opinion Nos. 99-155, 98-236, 96-3 and 95-131.
Accordingly, it is the opinion of this office that the homestead exemption would appear to be unavailable to the owners in indivision presented in your request.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: ____________________ ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/tp